UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JENNIFER T., | ) |
| | ) |
|       Plaintiff | ) |
| | ) |
| v. | )   No. 2:22-cv-00047-JAW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of | ) |
| Social Security, | ) |
| | ) |
|       Defendant | ) |

**REPORT AND RECOMMENDED DECISION**

The Plaintiff in this Social Security Disability and Supplemental Security Income appeal contends that the Administrative Law Judge (ALJ) erred in (1) failing to find severe impairments of fibromyalgia and a back disorder, (2) omitting limitations in assessing her residual functional capacity (RFC), and (3) relying on flawed vocational testimony. *See* Statement of Errors (ECF No. 13) at 5-16. I discern no reversible error and recommend that the Court affirm the Commissioner's decision.[1]

---

[1] At oral argument, the Plaintiff's counsel described the Plaintiff's second impairment as a pain disorder. He did not indicate, nor do I find, that anything turns on the discrepancy. The Plaintiff's counsel also expanded the scope of several points made in the Statement of Errors. For example, while the Plaintiff contended in her Statement of Errors that the ALJ's reliance on an opinion of Archibald Green, D.O., was misplaced because Dr. Green did not have the benefit of review of a later-submitted functional capacity evaluation by physical therapist Jane O'Connor, *see* Statement of Errors at 11-12, her counsel contended at oral argument that the ALJ's reliance was further undermined by Dr. Green's failure to explain his findings adequately and his lack of the benefit of review of records documenting subsequent treatment. Because all such points were both untimely raised and cursorily made, they are waived. *See Faye W. v. Berryhill*, No. 1:17-cv-00485-NT, 2019 WL 259435, at *5 (D. Me. Jan. 18, 2019) (rec. dec.) ("Issues or claims not raised in the itemized statement of errors required by this court's Local Rule 16.3(a) will be considered waived and will not be addressed by this court." (cleaned up)),

## I. Background

The ALJ found, in relevant part, that the Plaintiff (1) had the severe impairments of obesity, arthralgias of the knees, and status-post carpal tunnel release, *see* Record at 19, (2) retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that, in an eight-hour workday, she could stand and/or walk for about four hours; occasionally climb ramps and stairs; never climb ladders, ropes, or scaffolds; occasionally balance, stoop, kneel, crouch, and crawl; never work at unprotected heights or with tools that vibrate; and occasionally work in extreme heat, cold, wetness, and humidity, in loud environments, and with respiratory irritants, *see id.* at 23, (3) could perform jobs existing in significant numbers in the national economy, *see id.* at 27, and (4) therefore was not disabled, *see id.* at 28. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 1-4, making that decision the final determination of the Commissioner, *see* 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Hum. Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9

---

*aff'd*, 2019 WL 489084 (D. Me. Feb. 7, 2019); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (cleaned up)).

(1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

### III. Discussion

**A. The ALJ's Finding that Fibromyalgia & Back Disorder Were Non-Severe**

Absent a material error in an ALJ's resolution of conflicts in the evidence, including the expert opinion evidence of record, this Court defers to an ALJ's weighing of the evidence, which is the core duty of an ALJ. *See, e.g.*, *Rodriguez v. Sec'y of Health & Hum. Servs.*, 647 F.2d 218, 222 (1st Cir. 1981) ("The [Commissioner] may (and, under [her] regulations, must) take medical evidence. But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for [her], not for the doctors or for the courts.").

ALJs need not cite or discuss all potentially relevant evidence of record, nor could they feasibly do so given the volume of most medical records. *See, e.g.*, *Newcomb v. Colvin*, No. 2:15-cv-463-DBH, 2016 WL 3962843, at *10 (D. Me. July 22, 2016) (rec. dec.) ("The [ALJ] was not required to discuss every detail of every [medical expert] opinion."), *aff'd*, 2016 WL 4250259 (D. Me. Aug. 10, 2016).

3

Accordingly, "[t]he mere fact that a claimant can point to evidence of record supporting a different conclusion does not, in itself, warrant remand." *Malaney v. Berryhill*, No. 2:16-cv-00404-GZS, 2017 WL 2537226, at *2 (D. Me. June 11, 2017) (rec. dec.), *aff'd*, 2017 WL 2963371 (D. Me. July 11, 2017), *aff'd*, No. 17-1889, 2019 WL 2222474 (1st Cir. May 15, 2019). Yet, with one exception, the Plaintiff does just that, cataloguing examination findings and prescribed treatments that she asserts make clear her fibromyalgia and back disorder were severe. *See* Statement of Errors at 5-9; Demonstrative Aid (ECF No. 23). This amounts to an unavailing invitation to the Court to reweigh the evidence.

The Plaintiff also contends that the ALJ erred as a matter of law in focusing on a lack of objective evidence of fibromyalgia. *See id.* at 7-8. However, as the Commissioner notes, *see* Opposition (ECF No. 15) at 3, even in fibromyalgia cases, a claimant must adduce "sufficient objective evidence to support a finding that the person's impairment(s) so limits the person's functional abilities that it precludes him or her from performing any substantial gainful activity," SSR 12-2p, 2012 WL 3104869, at *2 (July 25, 2012).[2] Moreover, even assuming that the ALJ erred in this regard or, more generally, in finding the Plaintiff's fibromyalgia and back impairment non-severe, "an error at Step 2 is uniformly considered harmless, and thus not to require remand, unless the plaintiff can demonstrate how the error would necessarily

---

[2] In her Statement of Errors and at oral argument, the Plaintiff cited *Johnson v. Astrue*, 597 F.3d 409, 410 (1st Cir. 2009), for the proposition that because there are no objective signs of fibromyalgia, their absence has no significance. *See* Statement of Errors at 7. The cited portion of *Johnson* pertains to the diagnosis of fibromyalgia, not to the assessment of its functional impact. *See Johnson*, 597 F.3d at 410. Moreover, *Johnson* predates the publication of SSR 12-2p.

4

change the outcome of the plaintiff's claim." *John H. E. v. Kijakazi*, No. 2:20-cv-00479-LEW, 2021 WL 5851393, at *2 (D. Me. Dec. 8, 2021) (rec. dec.), *aff'd*, 2022 WL 911267 (D. Me. Mar. 29, 2022) (cleaned up). For the reasons discussed below, the Plaintiff fails to demonstrate that any error in deeming her fibromyalgia or back impairment non-severe resulted in an outcome-determinative omission of functional limitations.

### B. RFC Determination

The Plaintiff next argues that the ALJ's RFC determination was unsupported by substantial evidence and legally incorrect because she (1) "essentially adopted" the RFC opinion of a medical expert (Louis A. Fuchs, M.D.) who admitted that he had not considered fibromyalgia, (2) relied on the opinion of an agency nonexamining consultant (Dr. Green) who did not have the benefit of review of a functional capacity evaluation (FCE) by physical therapist Jane O'Connor, and (3) wrongly rejected the FCE findings by mischaracterizing them as an opinion rather than objective evidence. *See* Statement of Errors at 9-14. I find no error.

The ALJ deemed Dr. Fuchs's opinion of the Plaintiff's functional limitations "minimally persuasive" insofar as it concerned fibromyalgia given "his lack of knowledge regarding" the Social Security Administration's "process for identifying fibromyalgia as a medically determinable impairment." Record at 26. However, she found Dr. Green's opinion "partially persuasive in that he opined that [f]ibromyalgia was not a severe impairment." *Id*. Dr. Green determined that, although the Plaintiff had medically determinable impairments of a spine disorder and fibromyalgia,

5

neither was severe. *See id.* at 137. He assessed no resulting functional limitations. *See id.* The Plaintiff argues that the ALJ's reliance on the Green opinion was misplaced because Dr. Green did not have the benefit of review of the O'Connor FCE results. *See* Statement of Errors at 12. I find otherwise.

"This court has noted that there is no bright-line test of when reliance on a nonexamining expert consultant is permissible in determining a claimant's physical or mental RFC, although factors to be considered include the completeness of the consultant's review of the full record and whether portions of the record unseen by the consultant reflect material change or are merely cumulative or consistent with the preexisting record and/or contain evidence supportably dismissed or minimized by the [ALJ]." *Nicole A. O. v. Saul*, No. 2:20-cv-00238-GZS, 2021 WL 2411225, at *4 (D. Me. June 13, 2021) (rec. dec.) (cleaned up), *aff'd*, 2021 WL 2666854 (D. Me. June 29, 2021).

The ALJ noted that she had considered O'Connor's opinion that the Plaintiff "essentially had limited capacity [to] sit, stand, lift, carry, push, pull and maintain postural movements" but deemed it unpersuasive, explaining:

> The examination findings are a clear outlier. The records show a vast majority of essentially normal exams prior to and after this examination. The opinion is not consistent with the record overall.

Record at 26.

The Plaintiff contends that "while an ALJ is not obligated to accept any particular provider's opinion, as a lay person she was not free to reject or discount objective medical evidence." Statement of Errors at 13. She cites no authority for

6

this proposition, which, as the Commissioner notes, "stretches the basic concept that the ALJ may not interpret raw medical data in *functional* terms into a rule that requires the ALJ to credit all objective medical evidence." Opposition at 15.[3] Rather than impermissibly construing raw medical evidence to assess functional limitations, the ALJ permissibly weighed and resolved conflicts in the objective medical evidence, as she was tasked to do.

Because the ALJ supportably discounted the O'Connor FCE, her reliance on the opinion of Dr. Green was not misplaced.

### C. Vocational Evidence

Finally, the Plaintiff challenges the ALJ's adoption of testimony of a vocational expert (VE) on two bases: that the RFC finding posited to the VE was flawed and that, as in *Travis H. v. Saul*, No. 1:19-cv-00374-NT, 2020 WL 5819535 (D. Me. Sept. 30, 2020) (rec. dec.), *aff'd*, 2020 WL 6826206 (D. Me. Nov. 20, 2020), the VE supplied no foundation for her opinion that a hypothetical person with that RFC would be able to perform exactly half of the cited jobs. *See* Statement of Errors at 14-16.

The first point hinges on the success of the Plaintiff's challenge to the ALJ's RFC finding, which founders for the reasons discussed above. The second point is

---

[3] Indeed, the United States Court for the District of Rhode Island rejected a similar argument that because a physical therapist's "FCE was supported by objective evidence, the ALJ erred in not favoring her opinion over those of the other reviewing physicians." *Catalino V. v. Kijakazi*, No. 21-00247-WES, 2022 WL 832652, at *7 (D.R.I. Mar. 21, 2022) (rec. dec.) (declining to adopt claimant's suggestion that "an FCE conducted by a physical therapist is *per se* superior to the type of office physical examination routinely conducted by physicians," which, contrary to the substantial evidence standard of review, "effectively invites the Court to reweigh" all of the physician opinions relied upon by the ALJ "and find that the ALJ erred by finding them persuasive"), *aff'd*, (D.R.I. June 7, 2022).

7

unavailing because *Travis H.* is distinguishable. In *Travis H.*, the ALJ did not inquire as to the source of the VE's fifty percent reduction in job numbers to account for the claimant's limitations in standing and walking, yet the claimant's counsel did so, eliciting a response the Court deemed too cursory to lay an adequate foundation for the VE's opinion (that the source of the job numbers was the VE's "professional knowledge and experience," as well as his use of Job Browser Pro). *See Travis H.*, 2020 WL 5819535, at *6. In this case, by contrast, after the ALJ inquired as to the source of the VE's job numbers, which the VE testified included thirty-five years' experience placing people in jobs and the performance of labor market surveys, the Plaintiff's counsel questioned the VE only as to any adjustment of numbers aside from that fifty percent reduction. *See* Record at 129-31.[4] A claimant's attorney's "failure to press the VE at hearing concerning the manner in which he arrived at *the job numbers at issue* undermines the [claimant]'s bid for remand on this basis." *Brendon B. v. Saul*, No. 1:20-cv-00123-JDL, 2021 WL 1922935, at *4 (D. Me. May 12, 2021) (emphasis added) (rec. dec.) (observing that "[t]here is an expectation that counsel will explore concerns with the VE at the hearing, not leave such matters to technical challenges before the courts" (cleaned up)), *aff'd*, 2021 WL 3234594 (D. Me. July 29, 2021).

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

---

[4] The Plaintiff's counsel inquired, "[A]side from reducing the numbers that you cited by 50% for the reduced stand/walk, did you make any other adjustments to those numbers?" Record at 129-30.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.*

Dated: January 6, 2023

/s/ Karen Frink Wolf
United States Magistrate Judge